IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PEDRO MEDEROS, on behalf of himself and others similarly situated, | No. 1:23-cv-24228-CMA |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| POWERSOL USA, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Pedro Mederos, appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant Powersol USA, LLC, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1. This is a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2. Defendant Powersol USA sells solar goods and services throughout the United States.

3. Defendant Powersol USA uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across the U.S., soliciting consumers to solicit the purchase of their services, including to consumers in Florida, regardless of whether their telephone numbers are registered on the National Do Not Call Registry and Florida's no sales solicitation calls list.

1

4. By doing so, Defendant Powersol USA has violated the provisions of the TCPA and FTSA.

5. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the TCPA and FTSA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

7. Plaintiff Pedro Mederos is a citizen of Florida, residing in this District.

8. Defendant Powersol USA, LLC is a Florida company.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227. The Court has supplemental jurisdiction over the state law claims because the claims relate to the same calling conduct.

10. Defendant is subject to personal jurisdiction in Florida because the conduct giving rise to this case was directed to and received by Plaintiff in Florida. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the TCPA and FTSA.

11. Venue for this action is proper in this District because the facts giving rise to this action occurred in this District.

**STATEMENT OF FACTS**

12. Plaintiff Mederos is the subscriber and the user of the phone number 305-904-XXXX.

13. Plaintiff Mederos's telephone number has been registered with the National Do Not Call Registry, and by effect Florida's no sales solicitation calls list, since December 19, 2012.

14. Plaintiff Mederos uses the telephone number as one would use a landline telephone number in a home, including to communicate with family and friends.

15. On September 28, 2023 at around 4:56 pm, Plaintiff Mederos received a call from telephone number 201-281-9367.

16. The caller asked the Plaintiff questions to qualify him for solar products and services.

17. On October 2, 2023 at around 2:22 pm, Plaintiff Mederos received a call from telephone number 586-203-8652.

18.

19. The call followed the same script as the September 28, 2023 call.

20. To identify the company calling him, the Plaintiff requested an email confirmation of the call.

21. The email confirmation was sent by Robb Hadley, a Powersol USA "Scheduling/Marketing Manager" with the email address R.Hadley@powersolusa.com.

22. The email provided the telephone number 727-457-5508 as a telephone number for Powersol's employee.

23. On October 6, 2023, Plaintiff received a follow up call from a Powersol USA employee from telephone number 727-457-5508 regarding obtaining solar goods and services

from Powersol USA.

24. The September 28, 2023 and October 2, 2023 calls started with silence before a "bloop" sound and an agent joining the line. This sound is indicative of the ViciDial autodialer and is officially known as the "droplet" sound. It is played automatically as part of a macro when the Asterisk "meetme" application is executed and signifies that a new connection was established between the called party and a call center representative.

25. In the time period between when the called party, such as the Plaintiff answers, and before the ViciDial "bloop" plays, there is no agent or human being on the line. The "bloop" signifies that the call has been connected to a human being.

26. The advertised features of the ViciDial autodialer include specifically:

- Ability for an agent to call clients in succession from a database through a web-based screen
- Ability to set a campaign to auto-dial and send live calls to available agents
- Ability to dial predictively in a campaign with an adaptive dialing algorithm
- Ability to autodial campaigns to start with a simple IVR then direct to agent
- Ability to broadcast dial to customers with a pre-recorded message
- Ability to send a dropped call to a voicemail box, queue or extension per campaign if no agent is available
- Automatically dial unlimited alternate numbers per customer until you get an answer

*See ViciDial Autodialer Features*, available at http://www.vicidial.com/?page_id=5 (last visited Jan. 14, 2022).

27. Neither Plaintiff nor any other members of the proposed classes ever provided Defendant with prior express written consent to receive the telephonic sales calls, let alone

4

automated ones.

28. Plaintiff and all members of the classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, their telephones, telephone lines, and time have been occupied and wasted.

29. In response to these unsolicited automated telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS REPRESENTATION ALLEGATIONS

30. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), consisting of:

> **National Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) on or after November 13, 2019.
>
> **Autodial Class:** All persons in Florida, who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) on or after July 1, 2021.
>
> **No Sales Solicitation Calls Class:** All persons in Florida, who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a telephone number on Florida's no sales solicitation calls list, (3) on or after July 1, 2021.

31. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

32. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

33. Members of the Classes are so numerous that their individual joinder is impracticable.

34. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Classes number in the thousands.

35. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

36. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

37. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

38. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Telephone Consumer Protection Act and/or Florida Telephone Solicitation Act; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

39. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

40. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

41. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

42. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

43. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

44. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

45. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

46. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

47. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Autodial Class

48. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

50. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

51. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

52. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

53. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

54. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

55. Defendant was not required to and did not need to utilize ViciDial or other automated systems to place calls to Plaintiff and the Class members. Instead, Defendant opted to use ViciDial to maximize the reach of its telephonic advertisements at a nominal cost to Defendant.

56. Defendant would be able to conduct its business operations without utilizing ViciDial to call consumers.

57. Defendant would be able to call consumers utilizing ViciDial, and in compliance with the FTSA, by securing the proper consent from consumers prior to placing calls.

58. Defendant would be able to call consumers without consent by utilizing a non-automated system or by manually dialing each number into a telephone.

59. Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of placing calls.

60. The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

61. Compliance with the FTSA will not result in Defendant having to cease its business operations.

62. Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

63. Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

64. Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

65. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the No Sales Solicitation Calls Class

66. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

67. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on Florida's no sales solicitation calls list which by operation of law includes Florida telephone numbers on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

68. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

69. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

70. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on Florida's no sales solicitation calls list which by operation of law includes Florida telephone numbers on the National Do Not Call Registry.

71. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### On Behalf of Plaintiff and the National Do Not Call Registry Class

72. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

73. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

74. The Defendant's violations were negligent, willful, or knowing.

75. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Federal Rule of Civil Procedure 23 and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

Dated: November 13, 2023    Respectfully submitted,

/s/ Avi R. Kaufman
Avi R. Kaufman, Esq. (FL Bar No. 84382)
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gable, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*