**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| PEDRO MEDEROS, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) CASE NO.: 1:23-cv-24228-CMA |
| v. | ) ) ) |
| POWERSOL USA, LLC. | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant, Powersol USA, LLC ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Defenses to the Plaintiff's, Pedro Mederos' ("Plaintiff") Amended Complaint (ECF 5), and states as follows:

1. Defendant admits that this is an action which purports to be a class action claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Sec. 227, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. Sec. 501.059, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

2. Denied. Defendant does not do business outside of Florida.

3. Denied.

4. Denied.

5. Denied.

6. Defendant admits that this is an action which purports to be a class action claim for alleged violations of the TCPA and the FTSA, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

1

7. Without knowledge, therefore denied.

8. Admitted.

9. Defendant admits only that this Court has subject matter jurisdiction, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

10. Defendant admits only that it does business in Florida, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

11. Defendant admits only that venue is proper, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Admitted.

18. Plaintiff did not assert any allegations in Paragraph No. 18 of the Amended Complaint.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Without knowledge, therefore denied. Defendant specifically denies that it uses a "ViciDial autodialer."

27. Defendant is without knowledge as to the members of the purported class, and therefore is without knowledge, and therefore denied. As to the Plaintiff, Defendant is not in possession of a "prior written express consent," but Defendant denies that it engaged in any action(s) for which a prior written express consent would be required under with the TCPA or FTSA.

28. Denied.

29. Defendant admits only that Plaintiff filed this suit seeking relief under the TCPA and FTSA, but denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

30. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

31. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

32. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that

the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

33. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

34. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

35. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

36. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

37. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

38. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that

the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

39. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

40. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

41. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

42. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

43. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

44. Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that

the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

45.     Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

46.     Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

47.     Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

## COUNT I

48.     Defendant realleges its responses to Paragraph Nos. 1-47, as if fully set forth herein.

49.     Defendant admits only that Plaintiff seeks to certify a class action under the TCPA and FTSA, but denies that any purported class can or should be certified, and denies that the Amended Complaint states a cause of action and denies that Plaintiff, or any purported class, is entitled to relief.

50.     Defendant states that the FTSA speaks for itself. Defendant denies that it violated any provision of the FTSA.

51. Defendant states that the FTSA speaks for itself. Defendant denies that it violated any provision of the FTSA.

52. Defendant denies that it engaged in any action(s) for which a prior written consent is required.

53. Defendant states that the FTSA speaks for itself. Defendant denies that it violated any provision of the FTSA.

54. Denied.

55. Denied.

56. Defendant denies that it has ever used a ViciDial.

57. Defendant denies that it has ever used a ViciDial.

58. Defendant denies that it has ever used a ViciDial, or other system prohibited by law.

59. Defendant denies that it has ever used a ViciDial, or other system prohibited by law.

60. Defendant denies that it engaged in any action(s) for which a prior written consent is required.

61. Defendant admits only that it has not violated the FTSA, and has complied with the law; otherwise denied.

62. Defendant admits only that it has not violated the FTSA, and has complied with the law; otherwise denied.

63. Defendant admits only that it has not violated the FTSA, and has complied with the law; otherwise denied.

64. Defendant denies that it violated the FTSA.

65. Denied.

## COUNT II

66. Defendant realleges its responses to Paragraph Nos. 1-47, as if fully set forth herein.

67. Defendant states that the FTSA speaks for itself.  Defendant denies that it violated any provision of the FTSA.

68. Defendant states that the FTSA speaks for itself.  Defendant denies that it violated any provision of the FTSA.

69. Defendant denies that it engaged in any action(s) for which a prior written consent is required.

70. Defendant states that the FTSA speaks for itself.  Defendant denies that it violated any provision of the FTSA.

71. Denied.

## COUNT III

72. Defendant realleges its responses to Paragraph Nos. 1-47, as if fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

WHEREFORE, Defendant respectfully requests that the Court deny all relief requested, and enter a judgment in its favor, for costs, and for such other relief as the Court deems proper.

## DEFENSES

### First Defense

The Amended Complaint fails to state a cause of action.

### Second Defense

8

Plaintiff's claims are barred because Plaintiff consented to, and expressly requested, the telephone calls and communications complained of.

### Third Defense

Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff represented and held himself out to Defendant and/or Defendant's agent(s) as an interested customer and expressly requested and invited the telephone calls and communications complained of.

### Fourth Defense

Plaintiff's claims are barred because Defendant and/or Defendant's agent(s) had a prior or existing business relationship with the Plaintiff.

### Fifth Defense

Plaintiff's claims for purported violation of the FTSA fail as a matter of law because Defendant does not use an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed.

### Sixth Defense

Plaintiff's claims for purported violation of the FTSA fail as a matter of law because the Plaintiff's telephone number did not appear in the then-current quarterly listing published by the Department of Agriculture and Consumer Services.

### Seventh Defense

To the extent Plaintiff is seeking actual damages, Plaintiff's claims are barred in whole or in part as a result of Plaintiff's failure to mitigate his alleged damages, if any, and any recovery should be reduced in proportion or altogether as a result of Plaintiff's failure to mitigate such damages.

### Eighth Defense

Plaintiff's claim for purported violation of the TCPA fails because the Defendant does not use an automatic telephone dialing system or an artificial or prerecorded voice.

### Ninth Defense

Plaintiff's claim for purported violation of the TCPA fails because the calls were not made to a residential telephone line, nor did they use an artificial or prerecorded voice.

### Tenth Defense

Plaintiff lacks standing to maintain his own claims or serve as a class representative. Plaintiff and members of the purported class have not paid money, lost title to any goods of value, or suffered any other concrete or particularized harm. Consequently, both Plaintiff and the members of the purported class lack standing to bring this lawsuit under Article III of the Constitution and otherwise.

### Eleventh Defense

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the law.

### Twelfth Defense

A class action is inappropriate because individual issues, such as consent or damages, predominate over common issues.

### Thirteenth Defense

Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, the classes themselves are defined in a way that precludes membership unless liability is established, a class action is not superior to other available methods for fairly and efficiently adjudicating the

controversy, and Defendant denies that Plaintiff is a member of the class as alleged and/or is an adequate class representative. Plaintiff also cannot maintain this action as a class under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

## RESERVATION OF RIGHTS

Defendant reserves the right to allege any further affirmative defenses that become known in the course of this litigation and as discovery proceeds.

/s/ Raul Valles
Raul Valles, Esq. (FBN 148105)
Ian A. Parry, Esq. (FBN 107040)
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL  3629
Phone:  813-769-5600
Fax:  813-769-5601
Email:  rvalles@rmslegal.com
Email:  iparry@rmslegal.com
Email:  lknox@rmslegal.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and furnished to counsel of record via CM/ECF on January 15, 2024, including the following:

Avi R. Kaufman, Esq. (FBN 84382)
KAUFMAN, P.A.
237 South Dixie Highway, Floor 4
Coral Gable, Florida 33133
Phone:  305-469-5881
Email:  kaufman@kaufmanpa.com
Attorney for Plaintiff

/s/ Raul Valles
Attorney

11