EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PEDRO MEDEROS, on behalf of himself and others similarly situated, | : | No. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| PACIFIC GREEN ENERGY, LLC, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff, Pedro Mederos, appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, Pacific Green Energy, LLC doing business as "Apricot Solar", based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant Apricot Solar sells solar goods and services throughout the United States.

3. Defendant Apricot Solar uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across the U.S., soliciting consumers to solicit the purchase of their services.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

1

4. By doing so, Defendant Apricot Solar has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

6. Plaintiff Pedro Mederos is a citizen of Florida, residing in this District.

7. Defendant Pacific Green Energy, LLC doing business as Apricot Solar is a California company headquartered in California.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA. Further, Plaintiff alleges a Florida class, which will result in at least one Class member from a different state than the Defendant.

9. Defendant is subject to personal jurisdiction in Florida because the conduct giving rise to this case was directed to and received by Plaintiff in Florida. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA.

10. Venue for this action is proper in this District because the facts giving rise to this

action occurred in this District.

### STATEMENT OF FACTS

11. Plaintiff Mederos is the subscriber and the user of the phone number 305-904-XXXX.

12. Starting in or around March 2023, Plaintiff Mederos started receiving calls promoting solar service.

13. All of the calls followed the same script, asking the Plaintiff questions to qualify him for solar products and services.

14. For example, on March 29, 2023 at 10:23 am, Plaintiff received a call from 305-900-1863.

15. The call started with silence before a "bloop" sound and an agent joining the line. This sound is indicative of the ViciDial autodialer and is officially known as the "droplet" sound. It is played automatically as part of a macro when the Asterisk "meetme" application is executed and signifies that a new connection was established between the called party and a call center representative.

16. In the time period between when the called party, such as the Plaintiff answers, and before the ViciDial "bloop" plays, there is no agent or human being on the line. The "bloop" signifies that the call has been connected to a human being.

17. The advertised features of the ViciDial autodialer include specifically:

- Ability for an agent to call clients in succession from a database through a web-based screen
- Ability to set a campaign to auto-dial and send live calls to available agents
- Ability to dial predictively in a campaign with an adaptive dialing algorithm

- Ability to autodial campaigns to start with a simple IVR then direct to agent
- Ability to broadcast dial to customers with a pre-recorded message
- Ability to send a dropped call to a voicemail box, queue or extension per campaign if no agent is available
- Automatically dial unlimited alternate numbers per customer until you get an answer

*See ViciDial Autodialer Features*, available at http://www.vicidial.com/?page_id=5 (last visited Jan. 14, 2022).

18. The caller asked Plaintiff scripted questions to determine his eligibility for solar products and services.

19. In an attempt to identify the name of the company calling him, the Plaintiff feigned interest in obtaining solar services and requested a confirmatory email from the caller.

20. However, instead of a confirmatory email, a few days later, on April 1, 2023, the Plaintiff received a call from "Karl" at telephone number 520-965-9601, who indicated that he was following up on the Plaintiff's prior interest in solar products and services and solicited the Plaintiff to purchase solar products and services.[2]

21. Aside from the March 31, 2023 call during which he feigned interest in solar products and services, the Plaintiff had never expressed interest in obtaining solar products and services.

22. The telephone number 520-965-9601, is the telephone number for Karl Peters, a Solar Energy Consultant at Apricot Solar.

---

[2] https://www.linkedin.com/in/karl-peters-3008a9264 ("I live in Tucson AZ . I help families to save money by going solar. I love playing Tennis and would love to have a conversation with you … 520-965-9601").

4

23. During the call, to identify the caller, the Plaintiff agreed to schedule an appointment.

24. The Plaintiff then received a follow up text from "Albert … with apricot solar" to confirm the appointment.

25. Neither Plaintiff nor any other members of the proposed class ever provided Defendant and/or their agents with prior express written consent to receive the telephonic sales calls, let alone automated ones.

26. In response to these unsolicited automated telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

## CLASS REPRESENTATION ALLEGATIONS

27. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), consisting of:

> **Autodial Class:** All persons in Florida, who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) on or after July 1, 2021.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

29. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

30. Members of the Class are so numerous that their individual joinder is impracticable.

31. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

32. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

34. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 subsection (2) and violated Plaintiff's rights in violation of Florida law; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

36. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

37. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent

6

counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

38. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

41. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

42. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

43. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

44. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Autodial Class**

45. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

47. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

48. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

49. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

50. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

51. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

8

52. Defendant was not required to and did not need to utilize ViciDial or other automated systems to place calls to Plaintiff and the Class members. Instead, Defendant opted to use ViciDial to maximize the reach of its telephonic advertisements at a nominal cost to Defendant.

53. Defendant would be able to conduct its business operations without utilizing ViciDial to call consumers.

54. Defendant would be able to call consumers utilizing ViciDial, and in compliance with the FTSA, by securing the proper consent from consumers prior to placing calls.

55. Defendant would be able to call consumers without consent by utilizing a non-automated system or by manually dialing each number into a telephone.

56. Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of placing calls.

57. The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

58. Compliance with the FTSA will not result in Defendant having to cease its business operations.

59. Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

60. Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

61. Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

62. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Federal Rule of Civil Procedure 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an award of statutory damages for Plaintiff and each member of the Class;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Class on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: April 4, 2023         Respectfully submitted,

*/s/ Avi R. Kaufman*
Avi R. Kaufman, Esq. (FL Bar No. 84382)
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4

Coral Gable, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*

11